E-Filed 10/30/15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARRIS L. WINNS,

    Plaintiff,

v.

MERIT SYSTEMS PROTECTION BOARD, et al.,

    Defendants.

Case No. 15-cv-02313-HRL

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**ORDER TRANSFERRING CASE TO FEDERAL CIRCUIT**

**ORDER DENYING AS MOOT MOTION FOR INTRA-DISTRICT VENUE CHANGE AND MOTION TO DISMISS**

Re: Dkt. Nos. 16, 21, 27, 28

    Plaintiff Harris L. Winns, pro se, sues the U.S. Postal Service ("USPS") and Postmaster General Megan Brennan.[1] Plaintiff challenges both a final order by the Merit Systems Protection Board ("MSPB") and an initial decision by a MSPB Administrative Judge. Defendants have moved to dismiss the first amended complaint. Plaintiff has moved for leave to file a second amended complaint and for an intra-district change in venue. The parties also briefed whether the court should transfer this case to the Federal Circuit.

    The parties have expressly consented to magistrate jurisdiction. The court heard arguments on August 4, 2015. The court has considered the moving and responding papers as

---

[1] Plaintiff named the Merit Systems Protection Board as a defendant in the original complaint, but not in the amended complaint. Because the original complaint is without legal effect, it appears that Plaintiff is no longer attempting to sue the MSPB. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).

well as the arguments presented at the hearing. The court lacks subject-matter jurisdiction over this appeal from a jurisdictional dismissal by the MSPB. The court transfers this case to the United States Court of Appeals for the Federal Circuit.

**Background**

Plaintiff worked for the USPS. The USPS fired him in October 2014. Plaintiff filed an appeal with the MSPB to challenge the firing and an administrative judge dismissed the appeal for lack of jurisdiction. Plaintiff filed a petition for review and the MSPB issued a final order that affirmed the administrative judge's initial decision.

The MSPB is an independent, quasi-judicial agency in the executive branch that was established to discourage personnel decisions that are not based on merit and to protect employees in federal agencies against illegal managerial practices. A federal employee who is fired or suffers some other adverse or disciplinary action, including reprisal for disclosures protected by the federal Whistleblower Protection Act, may appeal to the MSPB. An administrative judge in one of the MSPB's regional offices adjudicates the appeal and issues an initial decision. The employee may then file a petition for review with the full three-member Board. Following the Board's final decision, the employee may appeal to a federal appellate or district court depending on the nature of his claims. *See* 5 U.S.C. § 7703.

Here, the administrative judge concluded in the initial decision that "the Board lacks jurisdiction over this appeal on any basis" and granted the agency's motion to dismiss. *See* Dkt. No. 1 at 73. The MSPB's final order denied Plaintiff's petition for review and adopted the administrative judge's initial decision as the MSPB's final decision because the "administrative judge properly dismissed the appeal for lack of jurisdiction." Dkt. No. 7 at 30.

Plaintiff filed this case in May 2015. The initial complaint appears to conclude with the same prayer for relief that Plaintiff previously submitted to the MSPB—it asks "this Honorable Merit Systems Protection Board" for certain remedies under Title VII of the Civil Rights Act of 1964, and it is dated January 27, 2015. Dkt. No. 1 at 66-67. Plaintiff replaced that complaint with a first amended complaint, which he captioned as a "Petition for review from the Merit Systems Protection Board in case no. SF-0752-15-0165-I1." Dkt. No. 7 at 1. Plaintiff alleges that the

MSPB's initial decision and final order were wrongly decided. The remedies requested in the initial complaint have been removed. Instead, Plaintiff requests that this court vacate and reverse the MSPB's initial and final decisions. Dkt. No. 7 at 24.

Defendants moved to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff filed two oppositions and Defendants filed a reply. Plaintiff also filed a motion for leave to file a second amended complaint, a proposed second amended complaint, a motion for intra-district change of venue, and a brief that opposes transfer of this case to the Federal Circuit under 28 U.S.C. 1631.

**Defendants' Motion to Dismiss**

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). Here, the defendants raise a factual attack on jurisdiction. Thus, "[u]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id*. "The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." *Id*. (citing *Thornhill Publishing Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). Additionally, where, as here, jurisdictional issues are separable from the merits of the case, the court may weigh the evidence and determine the facts in order to establish its power to hear the case. *See id*.

Review of an MSPB decision is available either in the Federal Circuit or in federal district court, and the proper forum depends on the nature of the MSPB decision.[2] *Kloeckner v. Solis*, 133

---

[2] Review of an MSPB decision that addresses solely whistleblower reprisal claims brought under 5 U.S.C. § 1221 is available in the Federal Circuit or in any other circuit court of competent jurisdiction. 5 U.S.C. § 7703(b)(1)(B). Although Plaintiff raised a whistleblower reprisal claim before the MSPB, it is not clear if he raised it under § 1221 or merely as an affirmative defense to his termination (which would be adjudicated under another statute). Even if he raised it under §

S. Ct. 596, 600-01 (2012). 5 U.S.C. § 7703 governs judicial review of the MSPB's decisions. Petitions to review MSPB decisions "shall be filed in the . . . Federal Circuit," except that "[c]ases of discrimination" shall be filed in district court under the enforcement provisions of the federal antidiscrimination statutes. *Kloeckner*, 133 S. Ct. at 601.

Jurisdictional dismissal, however, must be appealed to the Federal Circuit, regardless of whether the case involves discrimination allegations. *Sloan v. West*, 140 F.3d 1255, 1261 (9th Cir. 1998). If the MSPB concludes it does not have jurisdiction over an employee's appeal, then "any appeal" from the MSPB's jurisdictional dismissal "must be filed in the Federal Circuit Court of Appeals." *Id*. at 1261.

Here, Plaintiff requests that the court review the MSPB's initial decision and final order, both of which dismissed his claims for lack of jurisdiction. In the initial decision, the administrative judge concluded that "the Board lacks jurisdiction over this appeal on any basis" and granted the agency's motion to dismiss. Dkt. No. 1 at 73. In the final order the MSPB denied Plaintiff's petition for review, affirmed the initial decision, and held that the initial decision would be the final decision because the "administrative judge properly dismissed the appeal for lack of jurisdiction." Dkt. No. 7 at 30. This court lacks jurisdiction to review MSPB's jurisdictional dismissal.

Plaintiff argues in his opposition briefs that the MSPB's decisions were wrong. That argument is irrelevant to whether this court has jurisdiction to hear this appeal.

In addition, Plaintiff argues that the Federal Circuit does not have jurisdiction over mixed cases,[3] citing to *Kloeckner*. In *Kloeckner*, however, the Supreme Court granted certiorari "to resolve a Circuit split on whether an employee seeking judicial review should proceed in the Federal Circuit or in a district court when the MSPB has dismissed her mixed case on procedural grounds." *Kloeckner*, 133 S. Ct. at 603. The Supreme Court's resolution of a circuit split related to procedural dismissal did not disturb a distinct rule about jurisdictional dismissal. *Conforto v.*

---

1221, it was not his sole claim. Therefore, he cannot seek review in a circuit court other than the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A).
[3] Discrimination cases are referred to as "mixed cases," because they involve both (1) an employment action appealable to the MSPB, and (2) an allegation that prohibited discrimination was a basis for the employment action.

*Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1119 (Fed. Cir. 2013) (discussing *Kloeckner*).

The first amended complaint describes itself as a petition for review of the MSPB's decisions, and the first amended complaint requests only that this court vacate and reverse the MSPB's decisions. This court has no jurisdiction to review the MSPB's decisions in this case and, likewise, no jurisdiction to provide the relief Plaintiff requests. Plaintiff appealed to the wrong court.

Still, the court does not dismiss the case in its entirety and with prejudice as requested by Defendants. Rather, the court shall discuss whether Plaintiff's proposed second amended complaint contains non-futile claims that would cure the court's lack of subject-matter jurisdiction if the court granted Plaintiff's motion for leave to file it.

### Plaintiff's Motion for Leave to File Second Amended Complaint

Plaintiff has filed two documents labeled as motions for leave to file a second amended complaint. Dkt. Nos. 21, 26. The second document is substantially similar to the first document, but it includes additional factual allegations and concludes with a list of seven specific claims. The court construes the first document as a motion for leave to file a second amended complaint and the court construes the second document as the proposed second amended complaint. The court shall deny the request for leave to file the second amended complaint if amendment would be futile. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).

The proposed second amended complaint is substantially similar to the first amended complaint, except that the second amended complaint now asserts repeatedly that this court has jurisdiction to review the MSPB's decisions. For instance, the second amended complaint has a slightly altered caption: "Petition For Review From the Merit Systems Protection Board Pursuant to 5 U.S.C. §§ 7703(b)(2) and 7702(a)(1)[.]" Dkt. No. 26 at 1. Plaintiff requests that this court vacate the MSPB's final decision, award the Title VII benefits that Plaintiff initially requested from the MSPB, and award additional compensatory and punitive damages to Plaintiff. The underlying claims are essentially the same as those in the first amended complaint, except that the proposed second amended complaint would add a new tort claim under California law for

intentional infliction of emotional distress. Dkt. No. 26 at 43-44. As discussed, the court lacks jurisdiction to review or vacate the MSPB's final decision in this case.

The second amended complaint also adds, however, an invocation of federal-question jurisdiction under 28 U.S.C. § 1331 alongside an assertion that Title VII provides a valid cause of action. Dkt. No. 26 at 45. The question of whether this court should review the merits of Plaintiff's claims on the basis of federal-question jurisdiction is distinct from the question of whether this court has jurisdiction to review the MSPB's decisions. The court, mindful of Plaintiff's pro se status, construes the proposed second amended complaint to request the independent review of Plaintiff's claims on the basis of federal-question jurisdiction. The court shall therefore determine whether the proposed second amended complaint contains any non-futile claim that this court has jurisdiction to review.

The first three claims are for workplace discrimination in violation of Title VII. Dkt. No. 26 at 31. The fourth claim is for retaliation in violation of the Whistleblower Protection Act. *Id.* at 36. The fifth claim is for violation of the right to free exercise of religion under the First Amendment. *Id.* at 38-39. The sixth claim is for violation of Plaintiff's due process rights under the Fifth and Fourteenth Amendments. *Id.* at 42. The seventh claim is for intentional infliction of emotional distress under California law. *Id.* at 43. The court also construes discussions about 42 U.S.C. § 1983 in the proposed second amended complaint as an eighth claim under § 1983 for assault and inadequate training. *Id.* at 19-20, 26-27.

Judicial review of the first three claims is precluded because the second amended complaint does not allege any facts that tend to show Plaintiff exhausted his administrative remedies as required by Title VII. The MSPB's jurisdictional dismissal of Plaintiff's mixed-case complaint tolled the Title VII statute of limitations so that Plaintiff could exhaust his administrative remedies and then file in the Federal Circuit. *Sloan*, 140 F.3d at 1262. Title VII divests federal courts of jurisdiction to hear Title VII workplace discrimination claims when the claimant has yet to exhaust his administrative remedies, and the invocation of federal-question jurisdiction under 28 U.S.C. § 1331 does not provide the subject-matter jurisdiction that Title VII denies. *Vinieratos v. U.S., Dept. of Air Force Through Aldridge*, 939 F.2d 762, 774 (9th Cir.

1991). The court lacks jurisdiction to consider the Title VII claims in the proposed second amended complaint.

It would be futile for Plaintiff to proceed on the fourth claim because the federal Whistleblower Protection Act does not provide a private right of action. That law provides some additional protections to federal employees, but those protections are provided only in the course of the procedures established by the Civil Service Reform Act of 1978. *Rivera v. U.S.*, 924 F.2d 948, 954 (9th Cir. 1991). Those procedures include requests to the MSPB for relief from employer retaliation. *Id.* at 950. A federal court has jurisdiction to review an MSPB decision if the Plaintiff appeals to the proper court, but the Whistleblower Protection Act does not provide a private right of action separate from such an appeal. *Id.* at 954. As discussed, this court lacks jurisdiction over Plaintiff's appeal from the MSPB's jurisdictional dismissal. The fourth claim therefore, even if construed to present a substantive claim separate from Plaintiff's appeal, is not based on a cognizable legal theory.

The court lacks jurisdiction over the fifth claim—violation of Plaintiff's right to the free exercise of religion under the First Amendment—because the supporting allegations may only be remedied with a Title VII claim. Dkt. No. 26 at 32-35. The title of the fifth claim cites the First Amendment, Dkt. No. 26 at 39, but supporting allegations and arguments do not actually discuss the First Amendment. Rather, the fifth claim repeatedly argues that the USPS made discriminatory employment decisions on the basis of Plaintiff's religion in violation of Title VII. Dkt. No. 26 at 32-35. This is not a permissible claim because Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976). The Ninth Circuit has repeatedly held that this means a federal employee's allegations of employment discrimination usually must be treated as a Title VII claim, even if the employee presents the discrimination as a constitutional claim. *See, e.g., Nolan v. Cleland*, 686 F.2d 806, 814 (9th Cir. 1982) (dismissing a constitutional claim when identical facts also support a claim under Title VII for employment discrimination). This appears to be a jurisdictional rule the Supreme Court read into Title VII because that statutory scheme provides a superior set of remedies compared with constitutional claims. *Brown*, 425 U.S. at 826

(noting that Title VII was created to provide the backpay and other compensatory relief that constitutional claims cannot provide).

The Ninth Circuit has recognized two exceptions to the usual rule that Title VII provides the sole judicial remedy for allegations of discrimination in federal employment: (1) a claim that is not based on Title VII may be brought in addition to a Title VII claim if the Plaintiff has suffered highly personal harm, like defamation, harassment, or physical abuse, *Brock v. United States*, 64 F.3d 1421, 1423 (9th Cir. 1995) (citing *Otto v. Heckler*, 781 F.2d 754 (9th Cir. 1986)); and (2) a constitutional claim may be brought on the basis of the same "core facts" that support a Title VII claim so long as the alleged "unconstitutional action[]" is not employment discrimination, *Arnold v. United States*, 816 F.2d 1306, 1311 (9th Cir. 1987). The pleadings in the proposed second amended complaint would not justify the application of either exception. The allegations do not include the degree of highly personal harm recognized by the Ninth Circuit as a justification for applying remedies other than Title VII remedies, and the allegations rely explicitly and exclusively upon employment discrimination in violation of Title VII. This court does not have jurisdiction over the fifth claim because Title VII provides the sole judicial remedy for the allegations of federal employment discrimination.

The sixth claim—violation of due process rights under the Fifth and Fourteenth Amendments when the USPS violated Plaintiff's *Weingarten* rights—does not state a cognizable legal theory. The National Labor Relations Act provides *Weingarten* rights to employees in unions: (1) an employee may request the presence of a union representative during an investigatory interview; (2) an employee may choose to end the interview if such a request is denied; and (3) if the employee chooses to end the interview and the employer continues to ask questions, then the employee has the right to refuse to answer without reprisal. *N.L.R.B. v. J. Weingarten, Inc.*, 420 U.S. 251, 257-61 (1975). *Weingarten* rights are "statutory" rather than constitutional. *Id.* at 256; *Mt. Vernon Tanker Co. v. N.L.R.B.*, 549 F.2d 571, 575 (9th Cir. 1977) (*Weingarten* rights are "not founded on any right to fair hearing procedures comparable to constitutional due process."). The proposed second amended complaint alleges Plaintiff duly invoked *Weingarten* during an interview, but that Plaintiff "may have said some things out of

anger and frustration" instead of exercising his statutory right to remain silent. Dkt. No. 26 at 10. The proposed second amended complaint also alleges Plaintiff invoked *Weingarten* during a second interview and that the interview immediately ended. Plaintiff has not plausibly alleged his *Weingarten* rights were violated during either interview and, moreover, violations of *Weingarten* rights cannot support constitutional claims. It would be futile to permit Plaintiff to proceed with this claim.

The court does not have jurisdiction over the seventh claim. Title VII usually provides the exclusive remedy for a federal employee's claims of employment discrimination. *Brown*, 425 U.S. at 835. As discussed, the Ninth Circuit has recognized at least two exceptions to this general rule. One of those exceptions may apply to a tort claim brought under the Federal Tort Claims Act ("FTCA"), *Brock*, 64 F.3d at 1423, but the Plaintiff must first exhaust certain administrative remedies or else jurisdiction does not exist to hear that FTCA claim. 28 U.S.C. § 2675(a); *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985). Title VII precludes Plaintiff's tort claim unless jurisdiction exists under the FTCA, but Plaintiff has made no allegations that tend to show he has created jurisdiction for the FTCA claim by exhausting his administrative remedies.

The final claim—assault and negligently inadequate training in violation of § 1983—has not been brought against any proper defendant. Plaintiff claims a USPS manager assaulted him "by violently stepping into [his path] causing him to alter his walking trajectory." Title VII does not preempt this claim because it is not based on allegations of employment discrimination. *Arnold*, 816 F.2d at 1311. However, a claim brought under § 1983 must be brought against a person who acts under color of state law, and such claims cannot be maintained against federal agencies. *Jachetta v. U.S.*, 653 F.3d 898, 908 (9th Cir. 2011). A defendant has acted under color of state law if that defendant acted in his capacity as a state official. *See, e.g., West v. Atkins*, 487 U.S. 42, 50 (1988). The proposed second amended complaint names only the USPS and the Postmaster General in her official capacity as defendants. Dkt. No. 26 at 7. The USPS is a federal agency that cannot be sued under § 1983, and Plaintiff has alleged only that the Postmaster General acted under color of federal law. Dkt. No. 26 at 25-26. Defendants, as a matter of law, may not be subjected to § 1983 liability on the basis of the facts alleged in the proposed second

9

amended complaint. It would be futile for Plaintiff to proceed with the § 1983 claim.

It would be futile to grant Plaintiff leave to file the proposed second amended complaint because several of the proposed claims would be futile to litigate and the court has no jurisdiction over the other proposed claims. The motion for leave to file the proposed second amended complaint is denied.

### Transfer to the Federal Circuit

The court must consider whether to transfer this appeal to the Federal Circuit to cure the lack of jurisdiction. 28 U.S.C. § 1631; *Hays v. Postmaster General of United States*, 868 F.2d 328, 331 (9th Cir. 1989) (requiring consideration of transfer when a district court lacks jurisdiction). The parties discussed the possible transfer of this case to the Federal Circuit at the hearing on Defendants' motion to dismiss. Plaintiff filed a brief in which he argues transfer is inappropriate because this court has appellate jurisdiction to review the MSPB's jurisdictional dismissal. Dkt. No. 28. Plaintiff also argues no lack of personal jurisdiction would justify transfer. *Id.* Defendants argue the court should decline to transfer the case, and should thereby foreclose judicial review of the jurisdictional dismissal by the MSPB, because Plaintiff opposes the transfer. Dkt. No. 32 at 2.

The court concludes it is in the interest of justice to transfer this case to the Federal Circuit. Plaintiff has continuously requested judicial review of the jurisdictional dismissal by the MSPB. Plaintiff opposes transfer because he believes this court has jurisdiction to provide the appellate review he requests, not because he would prefer to forego that review. The court does not believe it would be just to foreclose the appellate review timely requested by the pro se Plaintiff, even though he filed that request in the wrong court.

### Conclusion

The court lacks subject-matter jurisdiction over this case. Plaintiff's motion to file the proposed second amended complaint is denied because it would be futile for Plaintiff to proceed under that complaint. This case is transferred to the Federal Circuit to cure the lack of subject-matter jurisdiction. The motion to dismiss for lack of subject-matter jurisdiction and the motion

for an intra-district venue change are denied as moot.

**IT IS SO ORDERED.**

Dated: 10/30/15

_____
HOWARD R. LLOYD
United States Magistrate Judge